**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY T. BROWN,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>            Defendants. | Case No. 1:24-cv-0898 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 5) |

Rodney T. Brown, proceeding pro se, initiated this action by filing a complaint and motion to proceed *in forma pauperis* on August 2, 2024.  (Docs. 1, 2.)  The Court reviewed Plaintiff's motion to proceed *in forma pauperis* and found the information provided was insufficient to determine whether Plaintiff was entitled to proceed without paying the filing fee.  (Doc. 3 at 1.)  The Court directed Plaintiff to complete the provided application within thirty days, or in the alternative pay the $405 filing fee.  (*Id.* at 2.)  The Court informed Plaintiff that "failure to comply with this order will result in dismissal of this action, without prejudice."  (*Id.*)

After Plaintiff failed to file the application or pay the filing fee, the magistrate judge found Plaintiff failed to comply with the Court's order and failed to prosecute the action.  (Doc. 5 at 2, 3.)  The magistrate judge observed that the Ninth Circuit identified several factors for the Court to consider in evaluating whether to dismiss an action and noted "[t]hese factors … are not conditions that must be met in order for a court to take action."  (*Id.* at 2, citing *Henderson v.*

1  *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *In re Phenylpropanolamine (PPA) Products
2  Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).)  The magistrate judge opined "the
3  matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's
4  compliance." (*Id.*)  In addition, the magistrate judge determined: "As Plaintiff has failed to pay
5  the filing fee, file the proper application to proceed in forma pauperis, or respond to the Court's
6  order, the Court is left with no alternative but to recommend dismissal of this action." (*Id.*)
7  Therefore, the magistrate judge recommended the action be dismissed without prejudice.  (*Id.*)

8  The Court served the Findings and Recommendations on Plaintiff and notified him that
9  any objections were due within 14 days.  (Doc. 5 at 3.) The Court advised him that the "failure to
10 file objections within the specified time may result in the waiver of 'the right to challenge the
11 magistrate's factual findings' on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39
12 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

13 According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
14 Having carefully reviewed the entire matter, the Court concludes the findings that Plaintiff failed
15 to comply with the Court's order to cure the deficient application to proceed *in forma pauperis*
16 and failed to prosecute this action are supported by the record and proper analysis. However, the
17 magistrate judge did not clearly address each of the factors identified by the Ninth Circuit prior to
18 recommending terminating sanctions.  (Doc. 5 at 2, citing *In re Phenylpropanolamine (PPA)
19 Products Liability Litig.*, 460 F.3d at 1226.)

20 As the magistrate judge acknowledged, the Ninth Circuit indicated the Court should
21 consider several factors prior to the imposition of terminating sanctions, including: "(1) the
22 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
23 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
24 their merits[;] and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423.
25 Importantly, the Ninth Circuit has repeatedly expressed a preference for the Court to address each
26 of these factors. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) ("Although it is
27 preferred, it is not required that the district court make explicit findings in order to show that it
28 has considered these factors…"); *Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002)

1  (observing that "explicitly addressing the relevant factors when contemplating dismissal" is "the
2  preferred practice"); *but see Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th
3  Cir. 2019) (indicating "the five factors... *must* be considered before dismissing a case" for failure
4  to comply) (emphasis added).  Given the Ninth Circuit's clear preference and instructions, the
5  Court makes additional findings related to the propriety of terminating sanctions in this action.

6      In this matter, the public's interest in expeditiously resolving the litigation and the Court's
7  interest in managing its docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191
8  F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always
9  favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent
10 interest in managing their dockets without being subject to noncompliant litigants).  This Court
11 cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to prosecute in a
12 timely manner and communicate with the Court.  *See Morris v. Morgan Stanley & Co*., 942 F.2d
13 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable
14 pace, and to refrain from dilatory and evasive tactics").  Thus, the first two factors weigh in favor
15 of terminating sanctions.  *Adriana In't Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990
16 ("Where a court order is violated, the first two factors support sanctions").

17     To determine whether the defendant suffer prejudice, the Court must "examine whether
18 the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful
19 decision of the case." *Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir. 1987) (citing
20 *Rubin v. Belo Broadcasting Corp*., 769 F.2d 611, 618 (9th Cir. 1985)).  Significantly, a
21 presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action.
22 *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff did not take any action to
23 prosecute this action after filing his complaint, causing unreasonable delays to the Court.  Thus,
24 this factor weighs in favor of terminating sanctions.

25     The Ninth Circuit also indicated it is an abuse of discretion to dismiss "without first
26 considering the impact of the sanction and the adequacy of less drastic sanctions." *United States*
27 *v. Nat'l Medical Enterprises, Inc*., 792 F.2d 906, 912 (9th Cir. 1986).  However, a court's warning
28 to a party that the failure to obey could result in dismissal satisfies the "consideration of

alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal as the result of a "willful violation" of a court order. *Malone*, 833 F.2d at 133. In the order directing Plaintiff to file a complete motion to proceed *in forma pauperis* or pay the filing fee, the Court informed Plaintiff that failure to comply would result in a recommendation that the action be dismissed. (Doc. 3 at 2.) Importantly, the Court need only warn a party once that the matter could be dismissed to satisfy the requirements considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Moreover, as the magistrate judge observed, no lesser sanction is feasible because the action cannot proceed without payment of the Court's filing fee.

Finally, the policy favoring disposition of cases on their merits is outweighed by the other factors that favor dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors"). Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 19, 2024 (Doc. 5) are **ADOPTED.**
2. This action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __October 10, 2024__                             /s/ Jennifer L. Thurston
                                                        UNITED STATES DISTRICT JUDGE